*In re* E.B. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Nancy Starks, Respondent-Appellant).

Fourth District    No. 4—99—0805

Opinion filed June 1, 2000.

Brett N. Olmstead, of Beckett & Webber, P.C., of Urbana, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Jacobson, of Hatch & McPheters, of Champaign, guardian *ad litem*.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In August 1998, the trial court of Champaign County found respondent Nancy Starks unfit, and in September 1999, the trial court terminated her parental rights. Respondent appeals, arguing that (1) the trial court's findings that she (a) failed to make reasonable progress toward the return of her children and (b) failed to make reasonable efforts to correct the conditions that led to the removal of her children were against the manifest weight of the evidence; and (2) its decision to terminate her parental rights was an abuse of discretion. We vacate and remand with directions.

## I. BACKGROUND

In July 1996, the State petitioned for adjudication of wardship of E.B., born July 1, 1993, and J.B., born November 21, 1994, and alleged, in pertinent part, that they were (1) neglected because their environment was injurious to their welfare in that the environment exposed them to domestic violence and excessive corporal punishment (705 ILCS 405/2—3(1)(b) (West 1996)) and (2) abused because their mother created a substantial risk of physical injury to the minors (705 ILCS 405/2—3(2)(ii) (West 1996) (miscited in State's neglect petition as section 2—3(2)(i)). Following hearings held in September and November 1996, the trial court found E.B. and J.B. to be neglected minors and made them wards of the court. The trial court gave guardianship to the Department of Children and Family Services (DCFS) and temporary custody to respondent's grandmother. On December 3, 1996, the court entered its written dispositional order.

D.B. was born on December 9, 1996, and DCFS took her into protective custody. In December 1996, the State filed a supplemental petition for adjudication of wardship of D.B. and alleged, in pertinent part, that she was a neglected minor because her environment was injurious to her welfare (705 ILCS 405/2—3(1)(b) (West 1996)) due to respondent's failure to correct the conditions that resulted in the prior adjudication of neglect. The trial court held a shelter-care hearing and gave temporary custody of D.B. to respondent's grandmother. Following an adjudicatory hearing in March and a dispositional hearing in April 1997, the trial court found D.B. to be a neglected minor, made her a ward of the court, awarded guardianship to DCFS, and placed D.B. in the temporary custody of respondent's grandmother. On April 4, 1997, the court entered its dispositional order.

In May 1998, the State filed a supplemental termination petition. Count I of the supplemental petition alleged that respondent was unfit due to her failure to make reasonable progress toward the return of the minors within 12 months of the adjudication of neglect. 750 ILCS

50/1(D)(m) (West Supp. 1997) (however, at the time the petition was filed, the statute said 9 months). Count II alleged that respondent was unfit due to her failure to make reasonable efforts to correct the conditions that were the basis for removal of the minors. 750 ILCS 50/1(D)(m) (West Supp. 1997).

In May 1998, at the first appearance, respondent appeared and the trial court informed her of the nature of the proceedings and allegations against her. In July 1998, the trial court held a fitness hearing. After hearing testimony and arguments of counsel, the trial court found that the State had proved by clear and convincing evidence that respondent was unfit on both statutory grounds. After a dispositional hearing in August 1999, the trial court found that it was in the children's best interests that respondent's parental rights be terminated. Respondent appeals.

## II. ANALYSIS

Respondent maintains on appeal that the trial court's unfitness findings were against the manifest weight of the evidence. In determining Starks to be unfit, the record is unclear regarding what evidence the circuit court considered and the time period within which that evidence occurred. This is important because the Supreme Court of Illinois has recently held that when reasonable efforts or progress are at issue, the plain language of section 1(D)(m) requires that the relevant period of time under this provision, in which the parent's efforts or progress must be assessed and measured, is the nine-month period following the adjudication of guardianship. *In re D.L.*, 191 Ill. 2d 1, 10 (2000). Although the supreme court in *D.L.* did not do so explicitly, that decision effectively overruled our decision in *In re K.B.J.*, 305 Ill. App. 3d 917, 922, 713 N.E.2d 253, 257 (1999), wherein we concluded that the time period only referred to the reasonable progress ground, not to the reasonable efforts ground.

Because the record is unclear as to whether the circuit court examined events outside this time frame, we vacate the circuit court's adjudication of Starks' unfitness and remand with directions to review the evidence presented to determine Starks' fitness only by reference to the nine months immediately following the adjudication, *i.e.*, as to E.B. and J.B., events occurring from December 3, 1996, to September 3, 1997; as to D.B., events occurring from April 4, 1997, to January 4, 1998. Because of our ruling, we need not address respondent's argument concerning the termination of her parental rights.

Vacated and remanded with directions.

COOK, P.J., and McCULLOUGH, J., concur.